## LAW AND CHANCERY COURT OF THE CITY OF NORFOLK

Carole Lee Smith

v.

Atlantic Rambler, Inc.

March 22, 1972

Case No. (Law) 1273

By JUDGE JOHN P. HARPER

In the instant case, plaintiff seeks compensatory and punitive damages, alleging in her Motion for Judgment that defendant "fraudulently, intentionally and maliciously" represented a certain vehicle to be new and covered by the written new-car warranty of the manufacturer, upon which plaintiff relied to her detriment; whereas, in fact, the car was not new, but had been substantially altered and had been raced, and was thereby excluded from the protection of the said warranty.

By responsive pleadings defendant has (1) craved oyer of the New-Car Warranty and Owner Identification Card; (2) demurred; (3) moved to strike out and delete certain language of the Motion for Judgment.

In common law pleading, whenever plaintiff sued on a deed or other sealed instrument, it was necessary for him to "make profert" of the instrument, that is to produce, actually or constructively, the instrument before the court. It thereupon became a part of the pleadings and of the record, and might be considered by the court in ruling upon a demurrer, as in this case.

This practice has been changed by Section 8-105, Code of Virginia, declaring profert unnecessary, but expressly reserving to defendant the right to oyer, that is, the reading or production of the instrument upon demand. Defendant has exercised its right by "craving" oyer of the warranty documents. For a fuller discussion

of profert and oyer see 41 Am. Jur., *Pleading*, § 60 et seq., and Burks, *Pleading and Practice*, § 332.

Conversely, plaintiff contends that its action is not based upon the documents, and that the manufacturer's warranty (and plaintiff's alleged exclusion from benefits thereunder) are mentioned only as an element of damage, and that, therefore, defendant is not entitled to profert.

With this contention the court must agree, for clearly the thrust or gravamen of the action is for fraud and deceit and is not predicated upon the instruments in question, or the breach of any warranty which may be contained therein.

Accordingly, the demand for oyer, as such, will be denied, but with leave to defendant to pursue any of the discovery proceedings which may be available to it.

As counsel indicated that argument on the demurrer would be dependent upon the foregoing ruling as to oyer, no ruling on the demurrer is made herein. Counsel for defendant is requested to arrange further argument on the demurrer, if that be his desire.

The motion to delete certain language in the Motion for Judgment will be granted as to that contained in numbered paragraph 1 of the Motion, which in turn refers to certain verbiage contained in paragraph 3 of the Motion for Judgment. The allegation complained of is unnecessary, does nothing to aid plaintiff's case and serves only as a gratuitous provocation not required by this case or encouraged by good pleading.

On the other hand, the other portions of the Motion for Judgment of which defendant complains are deemed proper and material and ought to be retained.